### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEXANDER BOURNES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-00790 |
| BYL COLLECTION SERVICES, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

### COMPLAINT FOR RELIEF PURSUANT
### TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, ALEXANDER BOURNES ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of BYL COLLECTION SERVICES, LLC, ("Defendant"), as follows:

#### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA") for Defendant's unlawful collection practices.

#### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4.   Plaintiff is a 45 year old natural person residing at 6543 Oakview Drive, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5.   Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6.   Defendant states that it recovers outstanding debt and resolves unpaid bills.[1]  From its headquarters located at 301 Lacey Street, West Chester, Pennsylvania, Defendant is in the business of collecting the delinquent consumer debts of others, including a consumer debt allegedly owed by Plaintiff.

7.   Defendant is a Pennsylvania corporation that is registered with the Indiana Secretary of State bearing control number 2002123100110 and is in the business of collecting consumer debts in multiple states, including Indiana.

8.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9.   On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2002.[2]

## FACTS SUPPORTING CAUSES OF ACTION

10.  On or around December 15, 2015, Plaintiff received a collection correspondence from Defendant seeking payment on behalf of Total Gym Fitness, LLC ("Total Gym").  *See* attached

---

[1] http://www.bylcollections.com/
[2] http://www.acainternational.org/memberdirectory.aspx

Exhibit A is a true and correct copy of the December 15, 2015 collection correspondence sent to Plaintiff by Defendant.

11.   Upon information and belief, Total Gym turned the collection of delinquent membership dues for account number 1748266 ("subject consumer debt") over to Defendant after the account went into default.

12.   The collection correspondence stated the amount of the subject consumer debt was $798.72. *See* Exhibit A.

13.   On the collection correspondence, Defendant identified itself as a debt collector that was attempting to collect on a debt. *Id.*

14.   Not recognizing the subject consumer debt and thinking that he did not owe any money to Total Gym, Plaintiff called Defendant on April 7, 2016. During this call, he spoke with a female representative named LaQuana. *See* attached Exhibit B is a true and correct copy of an affidavit signed by Plaintiff.

15.   LaQuana advised Plaintiff that Defendant was a debt collector. *See* Exhibit B.

16.   After verifying Plaintiff's address and phone number, LaQuana stated that the subject consumer debt was placed with Defendant for collections on December 14, 2015 and was in the amount of $792.72. *Id.*

17.   LaQuana sought payment of the subject consumer debt. Plaintiff responded by stating that he did not believe he owed the subject consumer debt. LaQuana replied by asking Plaintiff if he had a Visa credit card ending in 0445. *Id.*

18.   Plaintiff is not familiar with that Visa credit card number. *Id.*

19.   LaQuana represented to Plaintiff that the only way that he could dispute the validity of the subject consumer debt was by filing a police report for fraud and sending it to Defendant. *Id.*

20.   Confused and concerned over the information given to him by Defendant, Plaintiff spoke with CLP regarding his rights.

21.   Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's collection actions.

22.   Plaintiff has suffered financial loss as a result of Defendant's collection actions.

23.   Plaintiff has been unfairly misled and harassed by Defendant's collection actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24.   Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25.   The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt." 15 U.S.C. §§1692e and e(2).

26.   Defendant violated 15 U.S.C. §§1692e, e(2), and f during its collection activity towards Plaintiff. On the collection correspondence, Defendant stated the amount of the subject consumer debt was $798.72. However, during Plaintiff's April 7, 2016 conversation with LaQuanda, she stated that the subject consumer debt was $792.72. Defendant presented Plaintiff with two different numbers, $6.00 apart. Nothing during the phone conversation with LaQuanda indicated the amount she stated was a reduced settlement offer. Additionally, the variance cannot be accounted for by the accrual of interest as the later number presented was lower than what was given in the collection correspondence.

27.   Plaintiff does not believe he is responsible for the subject consumer debt. However, even if he is, Defendant presented him with conflicting and false information as to the correct

amount owed.  The FDCPA imposes an affirmative duty on debt collectors not to mislead the consumers that they engage in collection activity against.  Defendant violated the FDCPA by making a false representation as to the amount of the subject consumer debt.

28.   The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt."  15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §§1692e and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §1692f.

29.   Defendant violated 15 U.S.C. §§1692d, e, e(10), and f during the April 7, 2016 phone call with Plaintiff.  During this call, Plaintiff told LaQuanda that he did not believe that he owed the subject consumer debt.  LaQuanda responded to Plaintiff's statement by representing that the only way to dispute the validity of the subject consumer debt was through filing a police report. This was a knowingly false statement in connection with Defendant's debt collection actions. There are a variety of ways to dispute the subject consumer debt that are not limited to filing a police report.

30.   Defendant's representation that police involvement was required in order to dispute the subject consumer debt was false and unfair.  It was made with the purpose of discouraging Plaintiff form fully examining his rights.  As an experienced and sophisticated debt collector, Defendant knows that consumers are not likely to go to the lengths of filing a police report over a relatively small amount of money.  Defendant presented police involvement as the sole option of

dispute in order to create barriers between Plaintiff and nonpayment.  This representation was deceptive and specifically designed to coerce Plaintiff into paying the subject consume debt.

31.   Using the above tactics during debt collection is the exact type of conduct that the FDCPA aims to protect against.  As plead in paragraphs 20 through 23, Plaintiff was unfairly misled, harassed, and harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, ALEXANDER BOURNES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.


## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

32.   Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33.   Defendant violated I.C. 24-5-0.5-3(a) and (b)(20) by engaging in unfair, abusive, and deceptive practices in its attempts to collect on the subject consumer debt.

34.   The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction.  An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."

I.C. 24-5-0.5-3(a).

"Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. 24-5-0.5-3(b)(20).

35.   Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

36.   Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

37.   Defendant's attempts to collect on the subject consumer debt are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

38.   Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.  By presenting him with knowingly false information, Defendant violated the IDCSA.

39.   Defendant intended that Plaintiff rely on its illegal behavior in order to procure payment of the subject consumer debt.

40.   The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41.   The IDCSA further states:

"A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."
I.C. 24-5-0.5-4(a)(1)(2).

42.   As pled in paragraphs 20 through 23, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, ALEXANDER BOURNES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c.   Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d.    Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 11, 2016                         Respectfully Submitted,

                                              s/ Nathan C. Volheim
                                              Nathan C. Volheim, Esq. #6302103
                                              David S. Klain, Esq. #66305
                                              Counsel for Plaintiff
                                              Admitted in the Southern District of Indiana
                                              Consumer Law Partners, LLC
                                              435 N. Michigan Ave., Suite 1609
                                              Chicago, Illinois 60611
                                              (267) 422-1000 (phone)
                                              (267) 422-2000 (fax)
                                              nate.v@consumerlawpartners.com
                                              davidklain@aol.com